IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KEITH DEVAUGHN NICKERSON, II, )  <br>      Petitioner, ) <br> ) <br>v. ) <br> ) <br>WILLIAM STEPHENS, Director, Texas ) <br>Dept. Of Criminal Justice, Correctional ) <br>Institutions Division, ) <br>      Respondent. ) | No. 3:14-CV-4102-M |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), implemented by an Order of the Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**Type of Case:** This is a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

**Parties:** Petitioner is a state prisoner, currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). Respondent is William Stephens, Director of the TDCJ-CID.

**Statement of the Case:** On February 4, 1993, Petitioner was convicted of capital murder and was sentenced to life in prison. On April 30, 1997, the Fifth District Court of Appeals affirmed the conviction and sentence. On October 22, 1997, the Court of Criminal Appeals denied Petitioner's petition for discretionary review.

Petitioner has filed two previous § 2254 petitions challenging this conviction. On July 28, 2000, he filed his first § 2254 petition. *Nickerson v. Johnson*, 3:00-CV-1629-G (N.D. Tex.). On July 31, 2001, the court dismissed the petition as time-barred. On September 1, 2005, Petitioner filed his second § 2254 petition challenging this conviction. *Nickerson v. Dretke*, 3:05-CV-1769-B (N.D. Tex.). On November 16, 2005, the court dismissed the petition as successive.

On November 18, 2014, Petitioner filed the instant § 2254 petition. He argues: (1) he received ineffective assistance of trial and appellate counsel; (2) evidence was obtained through an illegal search and seizure; (3) he was not given the proper safeguards as a juvenile; (4) witnesses were allowed to make false statements; (5) the jury was not allowed to assess punishment; (6) he was not allowed to waive a jury trial; (7) he was not allowed to testify; (8) he was only provided one attorney; (9) the evidence was insufficient to support the conviction; (10) no complaint was filed; (11) the Indictment was illegal; (12) the trial court erred when it admitted his involuntary statement; (13) prosecutors withheld evidence; (14) he was denied appeal records; (15) the prosecutor was allowed to allege a weapon; (16) Texas Code of Criminal Procedure 38.22 is ambiguous and illegal; (17) he was denied the right to hear all evidence; and (18) the prosecutor made inflammatory statements.

**Discussion:** The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him

guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before Petitioner files his application in this Court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. Petitioner must obtain such an order before another petition for habeas relief under § 2254 is filed.

**RECOMMENDATION:**

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed this 2nd day of December, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).